961 F.2d 1580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William WINDLE, et al, Plaintiffs,
v.
WESTVACO CORPORATION, Defendant-Third Party Plaintiff-Appellant.
Paul SCHLEIGER, Defendant-Appellant,
v.
MARQUIP, INC., Third Party Defendant-Appellee.
 No. 91-3728.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1992.
 
 Before KENNEDY, SILER and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, Westvaco Corporation-defendant-third party plaintiff (Westvaco) and Paul Schleiger-defendant (defendants) appealed the district court's grant of summary judgment in favor of Marquip, Inc.-third party defendant-appellee (Marquip). The district court concluded as a matter of law that Marquip's contractual duty to supervise the work of others during the installation of a downstacker machine on Westvaco's premises did not impose a duty on Marquip to maintain constant surveillance of the work site to prevent injury from occurring to employees of an independent contractor. The court further determined that the loss sustained by Westvaco did not arise as a natural or probable result of the alleged breach of contract.
 
 
 2
 In June of 1988, Westvaco, a corrugated container manufacturer incorporated in Ohio, contracted with Marquip, a Wisconsin machine manufacturer for the corrugated industry, to purchase a downstacker machine. The contract provided for a "turn-key" installation in which Marquip agreed to perform the necessary installation work so that Westvaco need only "turn on" the machine in order to begin operating the downstacker. The contract contained the following provision:
 
 
 3
 The Marquip Representative will supervise the work of the others or will personally do the actual work on the equipment as dictated by local conditions. He will not be responsible for any work performed contrary to his instructions.
 
 
 4
 Marquip subsequently hired Owen's Machinery Company (Owen's) as its independent contractor to perform the pre-installation work on the machine. Owen's performed the pre-installation work pursuant to its contract with Marquip on Westvaco's premises on November 21, 22, and 23, 1988. During the pre-installation, Owen's employee William Windle was injured when the ladder upon which he was working was struck by a transport truck operated by Westvaco employee Paul Schleiger.
 
 
 5
 Plaintiff-Windle brought claims against Westvaco and Schleiger for negligence. Westvaco subsequently filed a third party complaint alleging that Marquip breached its contract with Westvaco by failing to supervise the downstacker installation and that Marquip negligently failed to properly supervise the work performed by Owen's and its employees. Plaintiff then amended his complaint and brought a claim for breach of contract against Marquip under a third party beneficiary theory. He alleged that Marquip breached its contractual duty to supervise the downstacker installation and that such a breach directly caused his injury. He further claimed that Marquip violated a duty to provide a safe place of employment for him.
 
 
 6
 On June 7, 1991, Marquip moved for summary judgment. Westvaco filed a memorandum in opposition to Marquip's summary judgment on June 28, 1991. Marquip filed a reply brief on July 1, 1991.
 
 
 7
 On July 17, 1991, the district court granted Marquip's summary judgment as to all claims brought against Marquip by Westvaco and Schleiger, as well as by the plaintiff. Marquip and Schleiger timely filed the instant appeal charging that the district court erred when it granted summary judgment in favor of Marquip as to the Westvaco and Schleiger claims.
 
 
 8
 On appeal, defendants contended that the district court erred when it concluded as a matter of law that Marquip had no duty under the turnkey installation contract to maintain constant surveillance of a work site to prevent injury to the employee of an independent contractor hired by Marquip when the contract contained a duty to supervise clause. They further asserted that the court erred when it ruled as a matter of law that the loss sustained to Westvaco did not arise and was not contemplated by the parties as a natural or probable result of an alleged breach of contract. Each of these claims is without merit, and the order of the district court entered July 17, 1991 (Rubin, C.) is AFFIRMED for the reasons expressed therein.